UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| COMMONWEALTH OF PUERTO RICO, through its Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION; BP P.L.C.; CHEVRON CORPORATION; CHEVRON PHILLIPS CHEMICAL PUERTO RICO CORE, LLC; CONOCOPHILLIPS; SHELL PLC; STATION MANAGERS OF PUERTO RICO, INC.; TOTALENERGIES; and TOTALENERGIES MARKETING PR CORP.,<br><br>Defendants. | Civil Action No. 3:24-cv-01393 |

**JOINT MOTION REGARDING MOTION TO REMAND BRIEFING**

Plaintiff, the Commonwealth of Puerto Rico ("Plaintiff"), and Defendants Chevron Corporation, Station Managers of Puerto Rico, Inc., and TotalEnergies Marketing PR Corp. (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to herein as "the Parties"), hereby respectfully move the Court to enter an order setting the schedule specified in this Joint Motion, for briefing of Plaintiff's anticipated motion to remand and state the following in support thereof.

1.      On July 15, 2024, Plaintiff filed a complaint against 9 Defendants in the Court of First Instance, San Juan Superior Part, Commonwealth of Puerto Rico, Case No. 24-cv-06512.

2.      On August 30, 2024, Defendant Chevron Corporation, with the consent of all properly named and served Defendants, timely removed this action from the Court of First Instance to this Court.

3.  Plaintiff intends to file a Motion to Remand, which Defendants intend to oppose.

4.  Defendants also intend to file threshold motions, including, but not limited to, Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and certain Defendants also intend to file Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and/or 12(b)(5) (collectively "Motions to Dismiss").[1]

5.  The Parties respectfully submit that it would be more efficient for the Parties and the Court for Defendants to file Motions to Dismiss or other responses to the Complaint after Plaintiff files a Motion to Remand and the Court enters an Order finally resolving any such motion.

6.  Based on good-faith discussions among the Parties' counsel, informed by their experience in addressing these issues in similar cases in other courts, the Parties respectfully submit that the interests of justice and efficient consideration by this Court can best be achieved by setting a briefing schedule as set forth below.

7.  The Parties recognize that the Court may not be able to enter an order reflecting the below stipulated briefing schedule before Defendants' current deadline to respond to the Complaint, and the Parties therefore agree to abide by the terms of this Joint Motion irrespective of whether the Court is able to act before that time.

8.  The Parties therefore respectfully move the Court to enter an order specifying the following:

    a.  Plaintiff's Motion to Remand shall be filed on or before October 22, 2024. Defendants' opposition shall be filed on or before December 20, 2024. Any

---

[1] The Parties do not intend for this Joint Motion to operate as an admission of any factual allegation or legal conclusion and it is submitted subject to and without waiver of any right, defense, affirmative defense, claim, or objection, including lack of subject matter jurisdiction, or lack of personal jurisdiction, insufficient process, or insufficient service of process.

Reply shall be filed on or before January 24, 2025. The brief in support of Plaintiff's Motion to Remand shall not exceed 35 pages; Defendants' opposition shall not exceed 35 pages; and any Reply shall not exceed 18 pages. All page limits are exclusive of any exhibits or attachments.

b. No Defendant is required to file an Answer or Motion to Dismiss or otherwise respond to the Complaint before the Court's order on Plaintiff's Motion to Remand.

c. If the Court denies Plaintiff's Motion to Remand, the Defendants will file any Motions to Dismiss within 60 days of an Order denying the Motion to Remand. The Parties will also promptly meet and confer regarding an appropriate briefing schedule and plan for Oppositions and Replies and page limits for Motions to Dismiss briefing and will endeavor to jointly submit a proposal to the Court within 10 days of the Court's order denying Plaintiff's Motion to Remand. If the Parties are not able to agree on a proposed briefing schedule, they will submit separate proposals to the Court.

d. In the event the Court denies Defendants' Motions to Dismiss, in whole or in part, Defendants' answers shall be due within 60 days of the Court's denial of the last of the Motions.

e. If the Court grants Plaintiff's Motion to Remand, the Parties agree to propose the same schedule in state court: Defendants will file any Motions to Dismiss within 60 days of the action being remanded to state court, and the Parties will promptly meet and confer and endeavor to propose a briefing schedule and plan for those motions within 10 days of the remand order taking effect.

    f.  No presently unserved defendant will be required to file an Answer or Motion to Dismiss or otherwise respond to the Complaint before the deadlines specified for Defendants herein.

    g.  The Parties reserve the right to seek an extension of time for good cause, and the Parties reserve the right to request that the Court stay proceedings.

    h.  The deadline to serve Rule 26(a) Initial Disclosures and the issuance of a Rule 16(b) Scheduling Order shall be stayed until after the Court has ruled on the Motion to Remand.

    i.  Defendants do not, by agreeing to the procedures herein to have the Court consider and adjudicate the Motion to Remand prior to any further proceedings, waive their objections to personal jurisdiction, insufficient process, or insufficient service of process.  Plaintiff agrees that it will not assert in federal or state court that there has been any waiver of personal jurisdiction because of the Parties' agreement to have the Court consider and adjudicate the Motion to Remand prior to the filing of Motions to Dismiss.

WHEREFORE, the Parties jointly ask this Court to grant their Joint Motion Regarding Motion to Remand Briefing.

| | |
|---|---|
| Dated: September 5, 2024 | Respectfully submitted, |
| By: */s/ Frank Torres-Viada*<br>    Frank Torres-Viada | By: */s/ Roberto C. Quiñones-Rivera*<br>     Roberto C. Quiñones-Rivera |

<div style="display:flex">
<div>

**BUFETE FRANK TORRES-VIADA, CSP**
P.O. Box 192084
San Juan, P.R. 00919-2084
Tel. 787- 754-1102
Fax 787 -754-1109

Frank Torres-Viada
RÚA Núm. 14724
ftv@ftorres-viada.com

José A. Andréu Fuentes
RÚA Núm. 9088
jaf@andreu-sagardia.com

**PUERTO RICO LEGAL ADVISERS, LLC**
P.O. Box 19586
San Juan, PR 00910
Tel: 787- 625-3300
info@prlegaladvisers.com

Ramón Rosario Cortés
RÚA Núm. 17224
rosario@prlegaladvisers.com

**SHER EDLING LLP**
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Tel. (628) 231-2500
Fax (628) 231-2929

Victor M. Sher
(*pro hac vice forthcoming*)
vic@sheredling.com

Matthew K. Edling
(*pro hac vice forthcoming*)
matt@sheredling.com

Katie H. Jones
(*pro hac vice forthcoming*)
katie@sheredling.com

 Chase Whiting
(*pro hac vice forthcoming*)
cwhiting@sheredling.com

Anthony M. Tohmé
(*pro hac vice forthcoming*)
anthony@sheredling.com

*Attorneys for Plaintiff the Commonwealth of Puerto Rico*

</div>
<div>

Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
Eduardo A. Zayas-Marxuach
USDC-PR Bar No. 216112
Myrgia M. Palacios-Cabrera
USDC-PR Bar No. 230807
**MCCONNELL VALDÉS LLC**
P.O. Box 364225
San Juan, PR 00936-4225
Telephone:  787-250-2631
Facsimile:  787-474-9201
Email: rcq@mcvpr.com
Email: ezm@mcvpr.com
Email: mpc@mcvpr.com

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr., *pro hac vice forthcoming*
tboutrous@gibsondunn.com
William E. Thomson, *pro hac vice forthcoming*
wthomason@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua D. Dick, *pro hac vice forthcoming*
jdick@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.374.8451

Thomas G. Hungar, *pro hac vice forthcoming*
thungar@gibsondunn.com
1050 Connecticut Ave., N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Chevron Corporation*

</div>
</div>

5

By: */s/Carlos A. Valldejuly*
    Carlos A. Valldejuly
Carlos A. Valldejuly (USDC No. 209505)
José J. Colón García (USDC No. 308010)
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
(787) 764-8181
carlos.valldejuly@oneillborges.com
jose.colon@oneillborges.com

David C. Frederick (*pro hac vice forthcoming*)
James M. Webster, III (*pro hac vice forthcoming*)
Daniel S. Severson (*pro hac vice forthcoming*)
Grace W. Knofczynski (*pro hac vice forthcoming*)
**KELLOGG, HANSEN, TODD, FIGEL**
  **& FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dfrederick@kellogghansen.com
jwebster@kellogghansen.com
dseverson@kellogghansen.com
gknofczynski@kellogghansen.com

*Counsel for Defendant*
*Station Managers of Puerto Rico, Inc.*


**SEPULVADO, MALDONADO & COURET**
304 Ponce de León Ave, Suite 990
San Juan, PR 00918
Tel: (787) 765-5656
Fax: (787) 294-0073

By: */s/ Lee R. Sepulvado-Ramos*
    Lee R. Sepulvado-Ramos
Lee R. Sepulvado-Ramos
RUA Núm. 11111
lsepulvado@smclawpr.com

**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Tel: (713) 836-3600
Fax: (713) 836-3601

Anna G. Rotman (*pro hac vice* forthcoming)
anna.rotman@kirkland.com

6

Kenneth A. Young (*pro hac vice* forthcoming)
kenneth.young@kirkland.com

Allyson C. Arias (*pro hac vice* forthcoming)
ally.arias@kirkland.com

*Counsel for Defendant TotalEnergies Marketing PR Corp.*