**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| COMMONWEALTH OF PUERTO RICO, through its Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION; BP P.L.C.; CHEVRON CORPORATION; CHEVRON PHILLIPS CHEMICAL PUERTO RICO CORE, LLC; CONOCOPHILLIPS; SHELL PLC; STATION MANAGERS OF PUERTO RICO, INC.; TOTALENERGIES; and TOTALENERGIES MARKETING PR CORP.,<br><br>Defendants. | Civil Action No. 3:24-cv-01393<br><br>Hon. Aida M. Delgado-Colon |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE COURT:

Defendants respectfully submit as supplemental authority recent decisions dismissing three materially identical climate change lawsuits brought by the State of New Jersey and by the City of Annapolis and Anne Arundel County, Maryland. *See Platkin v. Exxon Mobil Corp.*, No. MER-L-001797-22 (N.J. Super. Ct. Law. Div. Feb. 5, 2025) ("*New Jersey*") (attached hereto as Exhibit "1" for the Court's convenience); *City of Annapolis v. BP plc*, No. C-02-CV-21-000250 (Md. Cir. Ct. Jan. 23, 2025); *Anne Arundel Cnty. v. BP plc*, No. C-02-CV-21-000565 (Md. Cir. Ct. Jan. 23, 2025) (attached hereto as Exhibit "2" for the Court's convenience).[1] Both opinions show that Plaintiff's

---

[1] The *Annapolis* and *Anne Arundel* cases were identical to each other in every substantive respect and were consolidated before a single judge, who issued a single opinion in the two cases. Defendants refer to this opinion as "*Annapolis/Anne Arundel*" for convenience.

1

claims here and the damages sought are fundamentally and necessarily predicated on the cumulative impact of greenhouse gas emissions that are released from the combustion of Defendants' fossil fuel products. Because a significant portion of those products were produced for and supplied to the U.S. government under the direction and control of federal officers, Defendants' removal on the basis of the federal officer removal statute was proper.

In their Notice of Removal ("NOR"), Defendants explained that "Plaintiff has brought suit against Defendants for the downstream effects of all global combustion of oil and gas products and the resulting emissions of greenhouse gases, which necessarily includes the combustion of products created for and at the direction of the federal government." NOR ¶ 25; *see also id.* ¶¶ 3, 4, 12, 147, 148. As such, Plaintiff's suit is "relat[ed] to" Defendants' acts under color of federal office, 28 U.S.C. § 1442(a)(1), a requirement that is read "broad[ly]" to encompass acts "in association with or connection with" acts under federal office, *Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 186 (1st Cir. 2024) (cleaned up). Seeking remand, Plaintiff disputed that this requirement was met by characterizing its suit as targeting Defendants' purported deception, rather than production or emissions. *See* D.E. 65, at 5–6. But as Defendants discussed in opposing remand, "Plaintiff itself places Defendants' production and distribution of oil and gas *directly at issue as part of its alleged causal chain*." D.E. 91, at 9 (emphasis in original). "Plaintiff's suit seeks damages for harms allegedly caused by global greenhouse gas emissions, and Defendants have demonstrated that such claims thus necessarily depend on worldwide production, distribution, and sale of oil and gas products"—including production and distribution under federal direction. *Id.* at 8. Moreover, the Court "must credit Defendants' theory of the case" when making this relatedness determination. *Express Scripts*, 119 F.4th at 184 (cleaned up).

The courts in *New Jersey* and *Annapolis/Anne Arundel*, which dismissed nearly identical

climate change suits on the merits, adopted the same argument Defendants make here: that the plaintiffs' claims are fundamentally about oil and gas production and emissions, not just alleged deception. As the New Jersey court concluded, the plaintiffs "seek damages for the alleged impacts of interstate and international emissions." *New Jersey* at *9. "Despite the artful pleading by the Plaintiffs," the "Plaintiffs' complaint, even under the most indulgent reading, is entirely about addressing the injuries of global climate change and seeking damages for such alleged injuries." *Id.* "[A]t the end of the day," the court explained, "this case is about emissions." *Id.* at *8.

The Maryland court reached a similar conclusion in *Annapolis/Anne Arundel*. It described the plaintiffs' claims in those cases as "arising out of the introduction of fossil fuel products into the stream of commerce," and as "efforts to limit emissions." *Annapolis/Anne Arundel* at *11–12. And, quoting other authorities, it held that the plaintiffs' claims were barred because they sought "'damages for injuries resulting from out-of-state or global greenhouse emissions,'" *id.* at *11 (quoting *State ex rel. Jennings v. BP Am., Inc.*, 2024 WL 98888, at *9 (Del. Super. Ct. Jan. 9, 2024)), and to "'set[] emissions standards by judicial decree,'" *id.* at *12 (quoting *Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 427 (2011)).

These recent decisions relied on other cases from the past several years that dismissed similar climate change suits, in part by finding that they were premised on oil and gas production and emissions. *See New Jersey* at *7 ("This court agrees that the logic and reasoning of those decisions compel dismissal of claims seeking damages by transboundary emissions."); *Annapolis/Anne Arundel* at *4 (explaining that dismissal is "compel[led]" by prior rulings holding that claims for damages allegedly caused by transboundary emissions are preempted); *see also, e.g.*, *City of New York v. Chevron Corp.*, 993 F.3d 81, 91 (2d Cir. 2021) ("Artful pleading cannot transform the City's complaint into anything other than a suit over global greenhouse gas emissions.

3

It is precisely because fossil fuels emit greenhouse gases—which collectively exacerbate global warming—that the City is seeking damages." (cleaned up)); *Mayor & City Council of Baltimore v. BP P.L.C.*, 2024 WL 3678699, at *5 (Md. Cir. Ct. July 10, 2024) ("Baltimore's complaint is entirely about addressing the injuries of global climate change and seeking damages for such alleged injuries."); *Jennings*, 2024 WL 98888, at *24 ("[C]laims in this case seeking damages for injuries resulting from out-of-state or global greenhouse emissions and interstate pollution . . . are beyond the limits of Delaware common law.").

*New Jersey* and *Annapolis/Anne Arundel*—and the earlier cases on which they rely—strongly support removal. Just as in these cases, Plaintiff's claims here are fundamentally premised on the worldwide production and distribution of oil and gas products, and the resulting greenhouse gas emissions. And, because they are premised on global production, distribution, and emissions, Plaintiff's claims necessarily implicate the production and distribution of oil and gas products by Defendants under federal direction and control. Accordingly, Defendants' removal under the federal officer removal statute was proper, and Plaintiff's motion to remand should be denied.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of February 2025.

**CERTIFICATE OF SERVICE:** I, Roberto C. Quiñones-Rivera, certify that, on the above date, I filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the system.

> By: */s/ Roberto C. Quiñones-Rivera*
> Roberto C. Quiñones-Rivera
> USDC-PR Bar No. 211512
> Eduardo A. Zayas-Marxuach
> USDC-PR Bar No. 216112
> Myrgia M. Palacios-Cabrera
> USDC-PR Bar No. 230807
> **MCCONNELL VALDÉS LLC**
> P.O. Box 364225
> San Juan, PR 00936-4225

4

Telephone:  787-250-2631
Facsimile:  787-474-9201
Email: rcq@mcvpr.com
Email: ezm@mcvpr.com
Email: mpc@mcvpr.com

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr., *pro hac vice forthcoming*
tboutrous@gibsondunn.com
William E. Thomson, *pro hac vice forthcoming*
wthomason@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua D. Dick, *pro hac vice forthcoming*
jdick@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.374.8451

Thomas G. Hungar, *pro hac vice forthcoming*
thungar@gibsondunn.com
1050 Connecticut Ave., N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Chevron Corporation*


By: */s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409
María D. Trelles Hernández
USDC-PR Bar No. 225106
**PIETRANTONI MENDEZ & ALVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (*pro hac vice pending*)
Daniel J. Toal (*pro hac vice pending*)
Yahonnes Cleary (*pro hac vice pending*)
Caitlin E. Grusauskas (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas

5

New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant Exxon Mobil Corporation*


By: */s/ Carlos A. Valldejuly*
Carlos A. Valldejuly

Carlos A. Valldejuly (USDC No. 209505)
José J. Colón García (USDC No. 308010)
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
(787) 764-8181
carlos.valldejuly@oneillborges.com
jose.colon@oneillborges.com

David C. Frederick (*pro hac vice pending*)
James M. Webster, III (*pro hac vice pending*)
Daniel S. Severson (*pro hac vice pending*)
Grace W. Knofczynski (*pro hac vice pending*)
**KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dfrederick@kellogghansen.com
jwebster@kellogghansen.com
dseverson@kellogghansen.com
gknofczynski@kellogghansen.com

*Attorneys for Defendants Shell plc and Station Managers of Puerto Rico, Inc.*


**SEPULVADO, MALDONADO & COURET**
304 Ponce de Leon Ave, Suite 990
San Juan, PR 00918
Tel: (787) 765-5656
Fax: (787) 294-0073

By: */s/ Lee R. Sepulvado-Ramos*
Lee R. Sepulvado-Ramos

Lee R. Sepulvado-Ramos
RUA Núm. 11111
lsepulvado@smclawpr.com

6

**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Tel: (713) 836-3600
Fax: (713) 836-3601
Anna G. Rotman (*pro hac vice* forthcoming)
anna.rotman@kirkland.com
Kenneth A. Young (*pro hac vice* forthcoming)
kenneth.young@kirkland.com
Allyson C. Arias (*pro hac vice* forthcoming)
ally.arias@kirkland.com

*Attorneys for Defendants TotalEnergies SE and TotalEnergies Marketing PR Corp.*


By: */s/ Ricardo F. Casellas*
Ricardo F. Casellas
USDC-PR No. 203114
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
**CASELLAS ALCOVER & BURGOS, P.S.C.**
2 Tabonuco, Suite 400
San Patricio, PR 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
Email: rcasellas@cabprlaw.com

Matthew T. Martens (*pro hac vice forthcoming*)
Ericka Aiken (pro hac vice forthcoming)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com
Email: ericka.aiken@wilmerhale.com

Hallie B. Levin (*pro hac vice forthcoming*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: hallie.levin@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*

By: */s/ Oreste R. Ramos*
Oreste R. Ramos (USDC-PR No. 216801)
Arturo L.B. Hernández González (USDC-PR No. 304601)
**PIETRANTONI MÉNDEZ & ALVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Tel: (787) 274-1212
Fax: (787) 274-1470
oramos@pmalaw.com
ahernandez@pmalaw.com

Tristan L. Duncan (pro hac vice)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel: 816-474-6550
Fax: 816-421-5547
Email: tlduncan@shb.com

Daniel B. Rogers (pro hac vice)
**SHOOK, HARDY & BACON L.L.P.**
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-5171
Fax: 305-358-7470
Email: drogers@shb.com

*Attorneys for Chevron Phillips Chemical Puerto Rico Core LLC*


By: */s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR Bar No. 206314
Luis A. Oliver Fraticelli
USDC-PR Bar No. 209204
**ADSUAR MUNIZ GOYCO**
**SEDA & PÉREZ-OCHOA, P.S.C.**
PO Box 70294
San Juan, Puerto Rico 00936-8294
Telephone: 787.756.9000
Facsimile: 787.756.9010
Email: epo@amgprlaw.com
Email: loliver@amgprlaw.com

Sean O. Morris (*pro hac vice*)
John D. Lombardo (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

8

Email: sean.morris@arnoldporter.com
Email: john.lombardo@arnoldporter.com

Diana E. Reiter (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Email: nancy.milburn@arnoldporter.com
Email: diana.reiter@arnoldporter.com

Jonathan W. Hughes (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3156
Facsimile: (415) 471-3400
Email: jonathan.hughes@arnoldporter.com

*Attorneys for Defendant BP p.l.c.*