# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COMMONWEALTH OF PUERTO RICO, through its Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION; BP P.L.C.; CHEVRON CORPORATION; CHEVRON PHILLIPS CHEMICAL PUERTO RICO CORE, LLC; CONOCOPHILLIPS; SHELL PLC; STATION MANAGERS OF PUERTO RICO, INC.; TOTALENERGIES; and TOTALENERGIES MARKETING PR CORP.,<br><br>Defendants. | Civil Action No. 3:24-cv-01393<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Hon. Aida M. Delgado-Colon<br><br>Action Filed: July 15, 2024 |

## THE COMMONWEALTH OF PUERTO RICO'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

**TO THE HONORABLE COURT:**

   **NOW COMES** the Commonwealth of Puerto Rico (the "Commonwealth"), respectfully responding to Defendants' notice of supplemental authority (ECF No. 101, "Notice") regarding the Commonwealth's motion to remand this action to the Court of First Instance for lack of federal subject-matter jurisdiction (ECF No. 65, "Motion").

   The decisions Defendants submit are irrelevant to the Commonwealth's Motion because they do not address federal subject-matter jurisdiction or removal. They are state trial court opinions on motions to dismiss for failure to state a claim, which plainly adjudicate no issue related to federal jurisdiction (and which have been appealed). Notably, Defendants fail to mention that all three cases reached motions to dismiss only after they were remanded to state court for lack of federal subject-matter jurisdiction, as the Commonwealth pointed out in its Motion. *See* Mot. at 2

1

& n.1 (citing *Anne Arundel Cnty. v. BP P.L.C.*, 94 F.4th 343 (4th Cir. 2024), and *New Jersey v. Exxon Mobil Corp.*, 2023 WL 4086353 (D.N.J. June 20, 2023)).

The federal courts that remanded these cases squarely held that there is no federal-officer jurisdiction over climate-deception cases analogous to the Commonwealth's. *See Anne Arundel*, 94 F.4th at 347–350 ("We conclude federal officer removal was no[t] [] proper here . . . ."); *New Jersey*, 2023 WL 4086353, at *3 n.2 ( "Plaintiffs' claims are not removable under . . . the federal officer removal statute."). In doing so, they followed the uniform conclusions of federal courts that have adjudicated the issue, *see Anne Arundel*, 94 F.4th at 346 ("The companies have sought—over and over and over—to remove the cases to federal court. By our count, that gambit has failed in at least ten cases already. The eleventh time is not the charm."), including binding First Circuit precedent, *see Rhode Island v. Shell Oil Prods. Co.* ("*Rhode Island I*"), 979 F.3d 50, 60 (1st Cir. 2020) (holding Rhode Island's analogous climate-deception lawsuit could not be removed under the federal-officer statute because the suit was not brought for or relating to any conduct performed under a federal officer); *Rhode Island v. Shell Oil Prods. Co.* ("*Rhode Island II*"), 35 F.4th 44, 53 n.6 (1st Cir. 2022) ("[W]e 'adhere to' [*Rhode Island I*'s] rejection of federal-officer removal jurisdiction."). Far from supporting Defendants' position, the cases Defendants submit exemplify why there is no federal jurisdiction over the Commonwealth's lawsuit.

The argument Defendants extrapolate from these inapposite decisions is also barred under First Circuit law. Defendants argue that these decisions show the Commonwealth's suit satisfies the nexus element of the federal-officer statute because the suit is "fundamentally premised on the worldwide production and distribution of oil and gas products," including such activities "under federal direction and control." Notice at 4. However, the Commonwealth's briefs explain why this argument fails. Mot. at 5–6; Reply at 4–5. Federal-officer jurisdiction only exists if "the *charged*

2

*conduct* was carried out 'for or relating to' the asserted official authority." *Moore v. Elec. Boat Corp.*, 25 F.4th 30, 34 (1st Cir. 2022) (emphasis added). Here, the charged conduct is Defendants' deceptive marketing of their fossil fuel products, Compl. ¶ 27, not their production and distribution of oil and gas. Binding authority forecloses federal-officer jurisdiction because Defendants do not allege that federal officers influenced their marketing practices in any way. *Rhode Island I*, 979 F.3d at 60 ("There is simply no nexus between anything for which Rhode Island seeks damages and anything the oil companies allegedly did at the behest of a federal officer."). Indeed, the federal appeals court that affirmed remand of the Maryland cases rejected an identical argument advanced by several of the same Defendants there. *See Anne Arundel*, 94 F.4th at 348 ("We begin by rejecting the companies' novel and atextual attempt to expand the scope of the relevant inquiry" to include "their 'extraction and production of fossil fuels, a substantial amount of which occurred under the direction of federal officers.'").

Finally, even if Defendants were correct that these decisions show the Commonwealth's suit meets the nexus element of the federal-officer statute, remand would still be warranted because Defendants cannot satisfy the statute's other two elements. Defendants cannot show they acted under any federal officer because the federal government did not exercise the requisite control or supervision over the activities described in their Notice of Removal. *See* Mot. at 6–10; Reply at 6–7. Nor can Defendants show they have any colorable federal defense to liability. *See* Mot. at 10; Reply at 7–8. Defendants' decision to submit irrelevant state-court opinions that do not involve federal subject-matter jurisdiction—while failing to disclose that federal courts in those cases rejected the same removal arguments Defendants assert again here—underscores that this removal was frivolous and merits a fees award under 28 U.S.C. § 1447(c). *See* Mot. at 15; Reply at 10.

3

**WHEREFORE**, the Commonwealth respectfully requests that the Court grant the Motion to Remand and award the Commonwealth its costs and fees. *See* 28 U.S.C. § 1447(c).

**RESPECTFULLY SUBMITTED**

**I CERTIFY**: That on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify case participants appearing in said system.

In San Juan, Puerto Rico, this 27th day of February 2025.

By: *S/ José A. Andréu Fuentes*
José A. Andréu Fuentes
**BUFETE ANDRÉU & SAGARDÍA**
261 Ave. Domenech
San Juan, P.R. 00918-3518
Tel: (787) 754-1777
Email:  jaf@andreu-sagardia.com

**SHER EDLING LLP**
Victor M. Sher (*pro hac vice*)
Matthew K. Edling (*pro hac vice*)
Katie Jones (*pro hac vice*)
Chase S. Whiting (*pro hac vice*)
Anthony M. Tohmé (*pro hac vice*)
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Tel: 628-231-2500
Fax 628-231-2929
Email: vic@sheredling.com
         matt@sheredling.com
         katie@sheredling.com
         cwhiting@sheredling.com
         anthony@sheredling.com

*Attorneys for the Commonwealth of Puerto Rico*