## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| COMMONWEALTH OF PUERTO RICO, through its Attorney General, | Civil Action No. 3:24-cv-01393 |
|  | Hon. Aida M. Delgado-Colon |
| Plaintiff, |  |
| v. |  |
| EXXON MOBIL CORPORATION; BP P.L.C.; CHEVRON CORPORATION; CHEVRON PHILLIPS CHEMICAL PUERTO RICO CORE, LLC; CONOCOPHILLIPS; SHELL PLC; STATION MANAGERS OF PUERTO RICO, INC.; TOTALENERGIES; and TOTALENERGIES MARKETING PR CORP., |  |
| Defendants. |  |

## DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE COURT:

Defendants respectfully submit as supplemental authority a recent decision by the Fourth Circuit reversing remand in two cases removed under the federal officer removal statute. *See Maryland v. 3M Co.*, --- F.4th ----, 2025 WL 727831 (4th Cir. Mar. 7, 2025) (attached hereto as Exhibit "1" for the Court's convenience). The decision reinforces the breadth of the federal officer removal statute and this Court's obligation to defer to Defendants' "theory of the case," and makes clear that Plaintiff's disclaimer is not an effective bar to removal pursuant to § 1442(a)(1).

In *Maryland*, the states of Maryland and South Carolina each brought two different suits relating to alleged contamination by per- and polyfluoroalkyl substances ("PFAS") produced by defendant 3M: one suit relating to PFAS production for aqueous film-forming foam ("AFFF"), a firefighting foam manufactured in part for the U.S. military, and one suit for PFAS production

1

*excluding* AFFF.  *Maryland*, 2025 WL 727831, at \*2.  Similar to Plaintiff's allegations here, plaintiffs alleged that 3M had "concealed [the] dangers" of its products and "misled the public" about those dangers.  Compl. ¶ 4, *Maryland v. 3M Co.*, No. 1:23-cv-01836 (D. Md. July 10, 2023); Compl. ¶ 7, *South Carolina v. 3M Co.*, No. 2:23-cv-05979 (D.S.C. Nov. 21, 2023).  3M removed the non-AFFF suits under the federal officer removal statute, on the ground that PFAS at issue in those suits "indistinguishably commingled" with PFAS at issue in the AFFF suits (including AFFF produced for the military).  *Maryland*, 2025 WL 727831, at \*2.  The district courts remanded, citing the plaintiffs' disclaimers of AFFF liability in their non-AFFF suits.  After consolidating the appeals for review, the Fourth Circuit reversed.

Relying on *Government of Puerto Rico v. Express Scripts*, 119 F.4th 174 (1st Cir. 2024), *Baker v. Atlantic Richfield Co.*, 962 F.3d 937 (7th Cir. 2020), and other cases, the Fourth Circuit emphasized that, given the "broad scope" of federal officer removal, "a plaintiff in the § 1442(a)(1) removal context is *no longer the master of its complaint*," and so the plaintiffs' disclaimers could not be "dispositive."  *Maryland*, 2025 WL 727831, at \*4, \*5 (emphasis added).  To the contrary, it had to "credit a removing defendant's theory of the case as to whether the conduct with which it has been charged is related to its federal work."  *Id.* at \*5.  Doing so, the court could not "blindly accept" the plaintiffs' theory of the case.  *Id.*  The plaintiffs' attempt to exclude 3M's production and sale of military AFFF through "artful pleading [did] not trump 3M's theory for removal," and because "3M ha[d] plausibly alleged that the PFAS intermingled to the point that it [was] impossible to identify their source," the relatedness prong of the federal officer removal analysis was satisfied.  *Id.* at \*6, 7. "In sum," the Fourth Circuit held that "3M's Military AFFF production [was] inextricably related to the States' general allegations of PFAS contamination, notwithstanding their attempts to draw a line between 3M's federal and non-federal work."  *Id.* at \*8.

*Maryland* offers clear guidance for this case. As in *Maryland*, Defendants here have plausibly advanced a theory of the case (consistent with Plaintiff's own allegations in the Complaint, *e.g.*, Compl. ¶ 22) that greenhouse gas emissions from governmental and private sources are inseparable, and this Court must credit that theory, notwithstanding Plaintiff's disclaimer. Here, Plaintiff's suit seeks damages for harms allegedly caused by greenhouse gas emissions. Both Plaintiff's own allegations and Defendants' theory of removal reflect that these emissions are the result of numerous sources—including U.S. government and military users—that are "indistinguishably commingled" in the atmosphere. *Maryland*, 2025 WL 727831, at *2; *see, e.g.*, NOR ¶¶ 3–4, 11–12, 21, 147–49, 151–52; Compl. ¶¶ 15–27. Because some of the emissions-causing oil and gas products were produced and distributed under federal control, federal officer removal is proper. Plaintiff's "artful pleading" cannot "trump [Defendants'] theory of removal," which the Court must credit. *Maryland*, 2025 WL 727831, at *6. And Plaintiff's disclaimer—which artificially "attempts to draw a line between [Defendants'] federal and non-federal work"—does not change the outcome. *Id.* at *8.

Notably, and contrary to Plaintiff's suggestions, *see* Mot. at 3–5, courts must credit *Defendants'* theory of how their conduct is related to Plaintiff's claims and alleged injuries. As the *Maryland* court explained: "In considering whether the relevant conduct relates to a contractor's federal work, we credit *Defendants'* theory of the case when determining whether there is such a connection or association." 2025 WL 727831, at *4 (cleaned up). And, critically, in reaching this conclusion, the *Maryland* court expressly relied on the First Circuit's decision in *Express Scripts*, emphasizing that "[a]s our sister circuits agree, '[a] disclaimer that requires a state court to determine the nexus 'between the charged conduct and federal authority' is not a valid means of precluding removal.'" *Id.* at *5 (quoting *Express Scripts*, 119 F.4th at 188).

3

Defendants properly removed under the federal officer statute because a substantial portion of the emissions forming the basis for Plaintiff's claims were the result of oil and gas production and distribution carried out under federal control. *Maryland* joins the First Circuit's decision in *Express Scripts* and other cases in making clear that remand should be denied.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of March 2025.

**CERTIFICATE OF SERVICE:** I, Roberto C. Quiñones-Rivera, certify that, on the above date, I filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the system.

By: */s/ Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera

Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
Eduardo A. Zayas-Marxuach
USDC-PR Bar No. 216112
Myrgia M. Palacios-Cabrera
USDC-PR Bar No. 230807
**MCCONNELL VALDÉS LLC**
P.O. Box 364225
San Juan, PR 00936-4225
Telephone: 787-250-2631
Facsimile: 787-474-9201
Email: rcq@mcvpr.com
Email: ezm@mcvpr.com
Email: mpc@mcvpr.com

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr., *pro hac vice forthcoming*
tboutrous@gibsondunn.com
William E. Thomson, *pro hac vice forthcoming*
wthomason@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua D. Dick, *pro hac vice forthcoming*
jdick@gibsondunn.com
555 Mission Street

4

San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.374.8451

Thomas G. Hungar, *pro hac vice forthcoming*
thungar@gibsondunn.com
1050 Connecticut Ave., N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Chevron Corporation*


By: */s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409
María D. Trelles Hernández
USDC-PR Bar No. 225106
**PIETRANTONI MENDEZ & ALVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (*pro hac vice pending*)
Daniel J. Toal (*pro hac vice pending*)
Yahonnes Cleary (*pro hac vice pending*)
Caitlin E. Grusauskas (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant Exxon Mobil Corporation*

By: */s/ Carlos A. Valldejuly*
Carlos A. Valldejuly

Carlos A. Valldejuly (USDC No. 209505)
José J. Colón García (USDC No. 308010)
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
(787) 764-8181

5

carlos.valldejuly@oneillborges.com
jose.colon@oneillborges.com

David C. Frederick (*pro hac vice pending*)
James M. Webster, III (*pro hac vice pending*)
Daniel S. Severson (*pro hac vice pending*)
Grace W. Knofczynski (*pro hac vice pending*)
**KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dfrederick@kellogghansen.com
jwebster@kellogghansen.com
dseverson@kellogghansen.com
gknofczynski@kellogghansen.com

*Attorneys for Defendants Shell plc and Station Managers of Puerto Rico, Inc.*


**SEPULVADO, MALDONADO & COURET**
304 Ponce de León Ave, Suite 990
San Juan, PR 00918
Tel: (787) 765-5656
Fax: (787) 294-0073

By: */s/ Lee R. Sepulvado-Ramos*
Lee R. Sepulvado-Ramos
USDC-PR No. 211912
lsepulvado@smclawpr.com

**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Tel: (713) 836-3600
Fax: (713) 836-3601
Anna G. Rotman (*pro hac vice*)
anna.rotman@kirkland.com
Kenneth A. Young (*pro hac vice*)
kenneth.young@kirkland.com
Allyson C. Arias (*pro hac vice*)
ally.arias@kirkland.com

*Attorneys for Defendants TotalEnergies SE and TotalEnergies Marketing Puerto Rico Corp.*


By: */s/ Ricardo F. Casellas*
Ricardo F. Casellas
USDC-PR No. 203114
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
**CASELLAS ALCOVER & BURGOS, P.S.C.**

6

2 Tabonuco, Suite 400
San Patricio, PR 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
Email: rcasellas@cabprlaw.com

Matthew T. Martens (*pro hac vice forthcoming*)
Ericka Aiken (pro hac vice forthcoming)
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com
Email: ericka.aiken@wilmerhale.com

Hallie B. Levin (*pro hac vice forthcoming*)
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: hallie.levin@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*


By: */s/ Oreste R. Ramos*
Oreste R. Ramos (USDC-PR No. 216801)
Arturo L.B. Hernández González (USDC-PR No. 304601)
**PIETRANTONI MÉNDEZ & ALVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Tel: (787) 274-1212
Fax: (787) 274-1470
oramos@pmalaw.com
ahernandez@pmalaw.com

Tristan L. Duncan (pro hac vice)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel: 816-474-6550
Fax: 816-421-5547
Email: tlduncan@shb.com

Daniel B. Rogers (pro hac vice)
**SHOOK, HARDY & BACON L.L.P.**
Citigroup Center, Suite 3200

7

201 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-5171
Fax: 305-358-7470
Email: drogers@shb.com

*Attorneys for Chevron Phillips Chemical
Puerto Rico Core LLC*


By: */s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR Bar No. 206314
Luis A. Oliver Fraticelli
USDC-PR Bar No. 209204
**ADSUAR MUNIZ GOYCO
SEDA & PÉREZ-OCHOA, P.S.C.**
PO Box 70294
San Juan, Puerto Rico 00936-8294
Telephone: 787.756.9000
Facsimile: 787.756.9010
Email: epo@amgprlaw.com
Email: loliver@amgprlaw.com

Sean O. Morris (*pro hac vice*)
John D. Lombardo (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
Email: sean.morris@arnoldporter.com
Email: john.lombardo@arnoldporter.com

Diana E. Reiter (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Email: nancy.milburn@arnoldporter.com
Email: diana.reiter@arnoldporter.com

Jonathan W. Hughes (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3156
Facsimile: (415) 471-3400
Email: jonathan.hughes@arnoldporter.com

*Attorneys for Defendant BP p.l.c.*

8